IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIMOTHY STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>SAHAL YUSUF, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-2155-JWL |

**ORDER TO SHOW CAUSE**

Plaintiff filed this motor-vehicle-injury action against defendants Sahal Yusuf, Enrox Delivery LLC, Great West Casualty Company, and Wesco Insurance Company.[1] The amended complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[2] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[3] And if the business is an unincorporated association (e.g., a limited liability company), its citizenship is determined by the citizenship of each one of its members.[4] The

---

[1] ECF No. 30.

[2] *Id.*

[3] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[4] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam*

citizenship of individuals is determined by their place of domicile, not their residence.[5] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[6] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[7]

Here, plaintiff alleges he is a resident of Missouri and that defendant Yusuf is a resident of Minnesota.[8] But, as indicated above, stating an individual's place of residence says nothing about his place of citizenship. In addition, the amended complaint does not indicate the state of incorporation or the principal places of business for the two corporate defendants. Finally, although the amended complaint indicates defendant Enrox Delivery LLC is a foreign corporation operating in Minnesota, the suffix of the entity's name suggests it's a limited liability company, not a corporation. The amended complaint is silent as to the identity and citizenship of Enrox's individual members.[9] Thus, the

---

*Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[5] *Siloam Springs Hotel*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.") (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n. 14 (10th Cir. 1972) ("An allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")).

[6] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[7] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[8] ECF No. 30.

[9] *Id.*

allegations in the amended complaint fail to establish the citizenship, for diversity-jurisdiction purposes, of any of the five named parties.

IT IS THEREFORE ORDERED that by **September 24, 2021,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each party and showing cause why this case should not be dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the telephone scheduling conference currently set for September 16, 2021, is postponed until **September 30, 2021, at 11:00 a.m.**

Dated September 10, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge