IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY STEVENS,                          )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )      Case No. 21-2155-JWL
                                          )
SAHAL YUSUF;                              )
ENROX DELIVERY LLC;                       )
GREAT WEST CASUALTY COMPANY;              )
and WESCO INSURANCE COMPANY,              )
                                          )
                    Defendants.           )
                                          )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on the motions to dismiss filed by defendants

Great West Casualty Company (Doc. # 31) and Wesco Insurance Company (Doc. # 34).

For the reasons set forth below, the Court **denies** the motions.

In his amended complaint, plaintiff Timothy Stevens alleges that he suffered injuries

when the vehicle in which he was a passenger collided with a vehicle driven by defendant

Sahal Yusuf, who was operating a commercial motor carrier in the course of his

employment by defendant Enrox Delivery LLC ("Enrox").  By this action, plaintiff asserts

negligence claims against Mr. Yusuf and Enrox.  Plaintiff has also asserted direct claims

against defendants Great West Casualty Company ("Great West") and Wesco Insurance

Company ("Wesco") (collectively "insurers"), who are alleged to be liability insurers for

the other defendants.

Insurers now seek dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6).  As their sole basis for dismissal, insurers argue that plaintiff has not stated a direct cause of action against them pursuant to K.S.A. § 66-1,128 because plaintiff has not alleged that the subject policies were filed with and approved by the Kansas Corporation Commission ("KCC").

Section 66-1,128 provides that no certificate, permit, or license shall be issued by the KCC to a motor carrier unless the applicant has filed a liability insurance policy containing particular terms that the KCC has approved.  *See id.*  In 1936, the Kansas Supreme Court judicially created the right of a plaintiff, based on Section 66-1,128, "to bring a direct action against an insurance company before judgment is rendered against its insured motor carrier."  *See Warner v. Stover*, 283 Kan. 453, 461 (2007) (citing *Dunn v. Jones*, 143 Kan. 218 (1936)).  In 1949, the Kansas Supreme Court stated as follows with respect to this right:  "If the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy it states a cause of action against the insurer."  *See Fitzgerald v. Thompson*, 167 Kan. 87, 91 (1949).  That statement from *Fitzgerald* was repeated in several subsequent supreme court opinions over the next two decades.  *See, e.g.*, *Lamb v. Hartford Accident & Indem. Co.*, 180 Kan. 157, 167 (1956) (quoting *Fitzgerald*); *Streebin v. Capitol Truck Lines, Inc.*, 182 Kan. 527, 531 (1958) (quoting *Fitzgerald*); *Amon v. Lueck*, 194 Kan. 89, 91 (1964) (citing *Fitzgerald*).

In seeking dismissal in this case, insurers rely on three cases from this district in which the court granted dismissal or summary judgment in a direct action against a motor carrier's liability insurer because of the plaintiff's failure to allege or prove the policy's

filing with and approval by the KCC.  *See Dechand v. Insurance Co. of State of Pa.*, 1990 WL 26615, at \*1-2 (D. Kan. Feb. 6, 1990), *motion for reconsideration granted*, 732 F. Supp. 1120 (D. Kan. 1990); *Cooper v. Old Dominion Freight Line, Inc.*, 781 F. Supp. 2d 1177, 1185 (D. Kan. 2011); *Hauserman v. AJ Freight Sys., Inc.*, 2017 WL 2734573, at \*2 (D. Kan. June 20, 2017).  Insurers argue that dismissal is appropriate also in this case because plaintiff has failed to allege KCC filing and approval of the subject policies. Indeed, plaintiff concedes that he can make no such allegation, as discovery has not commenced and he has no information that Enrox filed the policy with the KCC. Nevertheless, plaintiff argues that he may maintain a direct action against the insurers under Section 66-1,128 based on his allegation that the policies covered Enrox's operations as a motor carrier on the highways of Kansas.

The Court rejects insurers' argument for dismissal.  In no case has the Kansas Supreme Court sanctioned or required the dismissal of a direct action against an insurer because of the failure to allege or to prove KCC filing and approval.  To the contrary, the supreme court has expressly acknowledged that a direct action may be maintained even in the absence of such filing and approval.  *See Sterling v. Hartenstein*, 185 Kan. 50, 56-59 (1959).

In *Sterling*, the insurer argued that the plaintiff could not maintain a direct action against it because, as conceded in the plaintiff's allegations, its motor carrier insured had not applied for or obtained a certificate or license from the KCC.  *See id.* at 52, 56.  The court rejected that argument.  It noted that in an earlier case, *Johnson v. Killion*, it had held that "where a licensed carrier had such policy of insurance, as required by the statute, and

it was not filed with any of the administrative bodies as provided in the act, such failure did not relieve the insurance company of direct liability to a member of the public injured by the negligent operation of such motor carrier." *See id.* at 57 (citing *Johnson v. Killion*, 178 Kan. 154 (1955)). The *Sterling* court also repeated the statement from *Fitzgerald* on which insurers now rely. *See id.* at 58 (quoting *Fitzgerald*, 167 Kan. at 91). Nevertheless, the Kansas Supreme Court held as follows:

> The substance of what has been said and held by the foregoing decision herein is that an insurance carrier furnishing liability insurance to a motor carrier may be joined with such motor carrier as a party defendant and held directly liable to a plaintiff injured by the negligent operation of a motor carrier on the highways of this state, even though such motor carrier does not have a permit or license from the State Corporation Commission under the Public Motor Carrier Act, where
>
> 1. The motor carrier was required under the Public Motor Carrier Act of this state to have a license;
>
> 2. The policy of insurance issued the motor carrier was a liability insurance policy of the type required of a licensed motor carrier in this state by [K.S.A. § 66-1,128]; and
>
> 3. The motor carrier was at the time of the accident being operated on the highways of this state in the business for which a license or permit was required, and in contemplation of which the insurance policy was issued by the insurance carrier for compliance with the Public Motor Carrier Act.

*See id.* at 59. Thus, the Kansas Supreme Court made clear in *Sterling* that a direct action against the liability insurer is still possible even if the motor carrier failed to get a permit from the KCC or to file its insurance policy with the KCC. These holdings in *Johnson* and *Sterling* have never been overturned or repudiated or called into question by the Kansas Supreme Court; indeed, in 2007 the supreme court recognized the continuing vitality of

those holdings in reviewing its law concerning direct actions in conjunction with Section 66-1,128.  *See Warner*, 283 Kan. at 461-62.

Inexplicably, neither insurer addressed *Sterling* in its motion, even though plaintiff had cited and relied on that case in responding to Wesco's motion to dismiss the original complaint (which motion was subsequently mooted in light of the filing of the amended complaint).  Wesco has attempted to address *Sterling* in its reply brief (Great West did not file a reply), arguing that the *Sterling* court was concerned with other issues in that case, did quote *Fitzgerald*, and did not adequately analyze the issue of the sufficiency of direct action allegations.  That effort to distinguish *Sterling* fails, however.  The language of the Kansas Supreme Court in *Sterling* is clear, and it reversed the district court's dismissal in that case despite the absence of any allegations that the motor carrier received a permit and filed an insurance policy with the KCC.  Insurers have not explained how the above-excerpted language from *Sterling* does not allow for a direct action in some circumstances even if the motor carrier has not filed a policy with the KCC.

The federal district court opinions cited by insurers are not persuasive.  In *Dechand*, the court granted the insurer judgment on the pleadings because the plaintiff had not alleged filing and approval of the policy.  *See Dechand*, 1990 WL 26615, at *1-2.  The court, however, effectively changed *Fitzgerald*'s statement that "[i]f the petition . . . alleges the filing and approval . . . it states a cause of action against the insurer" to a requirement – "in order to allege liability under this statute, the plaintiff must allege the filing and approval of the policy."  *See id.* at *2.  Upon reconsideration, the court repeated its new requirement derived from *Fitzgerald*, but it nevertheless allowed the direct action against the insurer to

proceed, on the basis of the plaintiff's allegations in the pretrial order (which superseded the deficient complaint) that the insurer had issued a liability policy to the defendant to cover its operations as a motor carrier in Kansas and that the insurer was therefore liable under Section 66-1,128. *See Dechand*, 732 F. Supp. at 1121. Thus, the court's ultimate conclusion about a pleading requirement is unclear. Most significantly, the court did not cite or address *Sterling*.

In *Cooper*, the court cited the pleading requirement stated in *Dechand*, and it granted summary judgment in favor of the insurer in a direct action because the plaintiff had failed to provide evidence that the policy had been filed with and approved by the KCC. *See Cooper*, 781 F. Supp. 2d at 1185. In opposing the motion for summary judgment, however, the plaintiff did not address this particular issue at all, and the court in its opinion did not cite or consider *Sterling*.

Finally, in *Hauserman*, the court cited the pleading requirement from *Dechand* and *Cooper*, and it granted the insurer's motion to dismiss, based on the plaintiff's failure to allege KCC filing and approval of the policy. *See Hauserman*, 2017 WL 2734573, at *2.[1] Court records reveal, however, that the insurer's motion was unopposed, and the court did not cite or address *Sterling*.

These three federal district court opinions are not persuasive because they did not address *Sterling*, in which the Kansas Supreme Court explained that a direct action against

---

[1] The court stated that it could not consider the plaintiff's conclusory allegation that the insurer was subject to direct liability under Section 66-1,128. *See* 2017 WL 2734573, at *2.

an insurer is possible even if the motor carrier did not receive a permit or file the policy with the KCC.  Even if the supreme court's language in *Fitzgerald* could be read as imposing a requirement of pleading or proof for a direct action against an insurer, the court clearly recognized exceptions to that requirement in *Sterling*.  This Court is bound to follow the Kansas Supreme Court and thus also to recognize those exceptions.  The Court therefore must conclude that plaintiff's failure to allege the filing and approval of the policy is not necessarily fatal to its direct claim against insurers.  Insurers make no other argument for dismissal.[2]  Accordingly, the Court denies insurers' motions to dismiss.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss filed by defendant Great West Casualty Company (Doc. # 31) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT the motion to dismiss filed by defendant Wesco Insurance Company (Doc. # 34) is hereby **denied**

IT IS SO ORDERED.

Dated this 1st day of October, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[2] Insurers have not argued, for instance, that plaintiff cannot satisfy the three prerequisites set forth in *Sterling* for a direct action under Section 66-1,128 under these circumstances.